FILED
CLERK, U.S. DISTRICT COURT
MAY 2 2 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAY 2 3 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENDRICKSON,<br><br>Plaintiff,<br><br>v.<br><br>EBAY INC., LUCKYBOY ENTERTAINMENT, STEVEN REILLY, and DOES 1 through X,<br><br>Defendants.<br><br>and related cases | Case No. CV 01-0495 RJK<br><br>Consolidated with Case Nos. CV 01-1371 RJK and CV 01-3412 RJK<br><br>**DEFAULT JUDGMENT ON PLAINTIFF'S COPYRIGHT AND LANHAM ACT CLAIMS AGAINST DEFENDANTS PAUL CAERBERT, JEANMARIE CREEN AND JOHN GIAMBRONE PURSUANT TO RULES 55(B)(2) AND 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

WHEREAS, Defendants Paul Caerbert, Jeanmarie Creen and John Giambrone having failed to appear in this action and the Court having granted Plaintiff's motions for default judgment against them by order entered concurrently herewith;

WHEREAS, the Court's ruling disposes of all claims between Plaintiff and Defendants Caebert, Creen and Giambrone;

WHEREAS, the remaining case against Defendant Edwin Richter dba

Magic Entertainment, erroneously sued as Magic Entertainment, involves separate alleged acts of infringement and the facts alleged in the complaint do not indicate Defendant Richter is jointly liable for Defendants Caebert, Creen and/or Giambrone's actions; and

WHEREAS, the Court finds no just reason for delay of immediate entry of final judgment against Defendants Caebert, Creen and Giambrone;

**IT IS HEREBY ADJUDGED AND DECREED** that:

(1) On Plaintiff's federal copyright claim against Defendant Paul Caerbert, Defendant Caerbert is liable to Plaintiff for statutory damages in the amount of $30,000.00, with interest accruing from the date of the entry of this default judgment as provided by 28 U.S.C. § 1961;

(2) On Plaintiff's federal copyright claim against Defendant Jeanmarie Creen, Defendant Creen is liable to Plaintiff for statutory damages in the amount of $30,000.00, with interest accruing from the date of the entry of this default judgment as provided by 28 U.S.C. § 1961;

(3) On Plaintiff's federal copyright claim against Defendant John Giambrone, Defendant Giambrone is liable to Plaintiff for statutory damages in the amount of $30,000.00, with interest accruing from the date of the entry of this default judgment as provided by 28 U.S.C. § 1961;

(4) On Plaintiff's federal copyright and trade dress claims, Defendants Caerbert, Creen and Giambrone are hereby permanently enjoined and restrained from:

    (a) infringing Plaintiff's copyright and trade dress rights in the documentary "Manson";

    (b) selling or otherwise distributing any unauthorized copies of "Manson";

    (c) using words, phrases, descriptions or images taken from the official trade dress of "Manson" videocassettes, thereby giving the

false and misleading impression that the copies marketed for sale or distribution are copies authorized by Plaintiff and associated with him when they are not so authorized and associated; and

(5) Default Judgment in favor of Plaintiff and against Defendants Caerbert, Creen and Giambrone be entered pursuant to Rules 55(b)(2) and 54(b) of the Federal Rules of Civil Procedure.[1]

DATED: MAY 21 2002

ROBERT J. KELLEHER
United States District Judge

---

[1] Plaintiff shall serve a copy of this default judgment (and the order referenced herein) on Defendants at their last known addresses.

3